INSURANCE CO. *v.* TRUSTEES C. P. CHURCH.

(*Nashville.* January 16, 1892.)

1. CHARGE OF COURT. *Requirement of written charge upon request in civil case mandatory.*

The statutory requirement is mandatory that the trial Judge shall, upon the request of either party to a civil case, "reduce every word in his charge to writing before it is delivered to the jury," etc.; and the Court's failure to comply strictly with such request constitutes reversible error, although it does not appear that exception was taken on that account in the lower Court, or that any injury thereby resulted.

Code construed: ₰3672 (M. & V.).

2. SAME. *Same. Example of violation of statute.*

And it constitutes a violation of this statutory requirement, for which the case will be reversed, where the Court, before reading his charge to the jury, said to them orally: "Gentlemen of the jury: You are to try this case upon the sworn testimony of the witnesses who have been introduced; if you know any thing about the matter in controversy between the parties, or any thing in relation to any matters about which any witness has testified, you will not communicate any such matter to any of your fellow-jurors; nor will you allow any thing which you may know about the matter of your own knowledge to influence your verdict in the case. You must try the case alone upon the sworn testimony of the witnesses and other proof introduced before you, and the charge of the Court which I will give you in writing; and you are not to suffer any one to talk to you about the cause." Such language is appropriate for the charge, and must be written.

FROM RUTHERFORD.

Appeal in error from Circuit Court of Rutherford County. ROBERT CANTRELL, J.

C. A. Sheafe and Stokes & Stokes for Insurance Co.

McLemore & Richardson and H. E. Palmer for Trustees C. P. Church.

Lea, J. Upon the trial of this cause, before any evidence was submitted to the jury, the plaintiff in error requested the Court to deliver his charge to the jury in writing. After the argument of the case had closed, the Judge said orally as follows:

"Gentlemen of the jury: You are to try this case upon the sworn testimony of the witnesses who have been introduced; if you know any thing about the matter in controversy between the parties, or any thing in relation to any matters about which any witness has testified, you will not communicate any such matter to any of your fellow-jurors; nor will you allow any thing which you may know about the matter of your own knowledge to influence your verdict in the case. You must try the case alone upon the sworn testimony of the witnesses and other proof introduced before you, and the charge of the Court which I will give you in writing; and you are not to suffer any one to talk to you about the cause."

He then proceeded to give his written charge to the jury. The request for a written charge was made under the Act of 1875 (M. & V. Code, § 3672), which is as follows: "On the trial of civil cases in the Courts of this State, it shall be the

duty of the Judge before whom the same is tried, at the request of either party, plaintiff or defendant, to reduce every word in his charge to writing before it is delivered to the jury, and all subsequent instructions which may be asked for by the jury, or which may be given by the Judge, shall in like manner be reduced to writing before being delivered to the jury."

This section is nearly the same as § 6052 of the Code (M. & V.) in regard to felony cases, only in all felony cases it is made the duty of the Court to reduce every word of the charge to writing, while this section imposes the same duty upon the Judge when the charge is requested in writing. This Court in several cases have passed upon the felony statute, and have declared that it was imperative; that the charge must be given in writing, and upon failure this Court would reverse; and that we could not even inquire if the party was in any manner injured thereby. This statute, when a plaintiff or defendant requests that the charge be in writing, is as imperative as the felony statute. It provides that when a written charge is requested, that the Judge is "to reduce every word of his charge to writing before it is delivered to the jury." But it is insisted that what was said orally were directions and cautionary instructions to the jury, and not a charge; that a charge, as defined by Bouvier, is "the exposition by the Court to the jury of those principles of the law which the latter are bound to

apply in order to render such a verdict as will, in the state of facts proved at the trial to exist, establish the rights of the parties to the suit."

To tell the jury that they must try the case upon the sworn evidence of witnesses, independent of their own knowledge of facts known to them but not proven, and such knowledge was not to influence them, was an exposition of the law not only applicable to this case, but every other case, and when the Court undertakes to charge this general principle it must do so as the statute directs. Suppose the jury, after the charge, had asked this instruction, or counsel had requested the Court to charge the oral statements made to the jury, can it be pretended that it would not have been error in the Judge not to have reduced it to writing—the statute requiring him "to reduce every word of his charge to writing before it is delivered to the jury, and all subsequent instructions which may be asked for by the jury, or which may be given by the Judge, shall in like manner be reduced to writing before being delivered to the jury." If this be true, why is it not error just preceding his written charge? The very object of the statute, to prevent any oral instructions to the jury by the Judge, would be defeated by postponing the formality of the reading of his written charge until he is through with his oral instructions.

The reason of the law was that all that was said to the jury in regard to the case might

appear before the appellate Court just as it occurred in the trial Court. It results, therefore, that the oral instruction or statement given should have been embodied in the written charge. But it is insisted that the action of the Court was not excepted to at the time, and a new trial was not asked, for such error on the part of the Court, and, on account of this failure, no exceptions can be taken here. The entry upon the minutes simply recites that the motion for a new trial was overruled, and no reasons for the new trial were set forth either in the entry or in the bill of exceptions. The plaintiff in error may assign any reason, in this Court, appearing in the record as a ground of error when the record simply shows the motion for a new trial was made and overruled.

The judgment for this error will be reversed, and case remanded for a new trial, and defendant in error will pay the cost.